I concur in both the judgment and in the opinion. I write only to point out that a failure by the prosecution to recover and to introduce into evidence the object of a theft offense does not, in all cases, mandate a finding that insufficient evidence exists on which to base a theft offense conviction. See, e.g.,State v. Davis (1996), 76 Ohio St.3d 107, 666 N.E.2d 1099; Statev. Jenkins (Mar. 14, 2000), Harrison App. No. 98-502-CA, unreported; State v. Dunaway (Feb. 18, 1997), Butler App. No. CA96-08-152, unreported; In re Burrell (Jan. 30, 1997), Cuyahoga App. No. 69961, unreported. It is not always possible to recover stolen property. In that event, circumstantial evidence and reasonable inferences derived from that evidence can provide a basis for a trier of fact to conclude that a theft offense has been committed. Nevertheless, in the case sub judice I agree that the evidence adduced below fails to satisfy the prosecution's burden.